## Ephraim Brown *vs.* Increase H. Brown & others.

The town of M., in a deed conveying a beach to B., reserved the right to enter thereon, and take away gravel and sand, for the purpose of making and repairing highways in the town : A., under authority of the town, entered on the beach and carried away, for the purpose of repairing highways in the town, stones of a considerable size, embedded in and mixed with the beach gravel. *Held*, in an action of trespass brought by B. against A., that A. could not give evidence that, in the town of M., the material which he took from the beach was, at the time of the making of the deed, and since is, universally known as and called gravel, and that it was not there generally known and called by any other name. *Held also*, that A. might give evidence that said material was the same that the town of M. had always used for making and repairing highways.

Trespass for breaking and entering the plaintiff's close, in Marblehead, called Devereux Beach, and taking and carrying away therefrom " four thousand tons of ballast." The defendants justified under the right reserved in a deed from the town of Marblehead, conveying the *locus in quo* to the plaintiff, in 1839. The reservation in this deed was as follows : " Reserving to the town the right and privilege to enter on the beach situate," &c. " and to take and carry away gravel and sand therefrom, as the said town may have occasion, for the making and repairing of their highways ; but not to take the same away to such extent as to cause the tide to flow across said beach."

The trial was before *Dewey*, J. whose report thereof was as follows : " The principal question connected with the point reserved was, whether the materials taken away by the defendants were embraced within the reservation in the deed. It appeared in evidence that those materials were, in part, stones of considerable size, embedded in and mixed with the beach gravel on the sea shore.

" To sustain the defence, the defendants offered to prove that

the material taken by them is now, and at the time of the making of the deed to the plaintiff was, in the town of Marblehead, universally known as and called gravel, and that it was not generally known and called there by any other name ; and they offered evidence tending to prove that it was the same material that the town had always used for making and repairing their highways. The plaintiff objected to the evidence thus proposed ; whereupon the court ruled as follows : That where words, having an established meaning in the language, are used in no new, peculiar, or technical sense, they are to be understood as used according to such established use, applied, however, to the subject matter, and considered in reference to the entire language and provisions of the instrument in which they are introduced, and the purpose and object to which they are applied : That in reference to the reservation in the present deed, the words " gravel and sand " must be construed according to the ordinary meaning attached to these words, and modified by the subject matter to which they have reference, and the objects for which they are introduced ; and that the reservation, being inserted in the deed apparently for the purpose of securing to the town the right to take and carry away gravel and sand for repairing their highways, any material which, within the most extended known and general use of the words " gravel and sand," might be useful and appropriate for repairing highways, might be considered as embraced within the reservation. And the defendants were allowed to introduce any evidence tending to show that the material, taken away at the several times complained of in this action, was the same that had always heretofore been used for making and repairing highways in the town.

" The question, whether the material taken away was ' gravel and sand,' was, under the instructions above stated, submitted to the jury to determine as a matter of fact. Neither party requested any ruling, as a matter of law, whether, upon the evidence offered, the material was or was not ' gravel and sand.' The jury found for the plaintiff."

The questions of law, arising on the foregoing report, were

reserved for the consideration of the whole court, who were to order a new trial, if the aforesaid rulings or instructions were wrong.

The argument was had at the last November term.

*N. J. Lord & O. P. Lord,* for the defendants. The locaₗ meaning of " gravel and sand " should have been given in evidence to the jury. Where words used in a contract have not an established legal meaning, the parties may show the meaning in which the words are used. 3 Stark. Ev. 1033. Greenl. on Ev. §§ 280, 295. *Peisch* v. *Dickson,* 1 Mason, 11, 12. *Livingston* v. *Ten Broeck,* 16 Johns. 14. *The King* v. *Osbourne,* 4 East, 327. *Weld* v. *Hornby,* 7 East, 195. *Attorney General* v. *Parker,* 3 Atk. 577. *The King* v. *Mashiter,* 6 Adolph. & Ellis, 153. *Clayton* v. *Gregson,* 5 Adolph. & Ellis, 302. *Smith* v. *Wilson,* 3 Barn. & Adolph. 728. *Astor* v *Union Ins. Co.* 7 Cow. 202. 23 Amer. Jurist, 260 – 262.

*Ward,* for the plaintiff. The words, in the cases cited for the defendants, which were allowed to be explained by eviᵢ dence of usage, were mostly words of art, and the rule applied in those cases, is not applicable to the words in the plaintiff's deed. In *Brown* v. *Saltonstall,* 3 Met. 423, the court held that the word " occupied," used in a will to describe a house and land devised, could not be explained by extraneous evidence.

The defendants were permitted to prove the meaning of " gravel and sand *for the making and repairing of highways* " in Marblehead ; but they did not succeed in proving that the material taken by them was gravel and sand for that purpose.

SHAW, C. J. The question in the present case arises from a reservation in a deed, conveying land to the plaintiff, duly made and executed by the inhabitants of Marblehead. This deed, made in 1839, purports to convey to the plaintiff a tract of land, embracing a line of beach bounding on the sea, and contains the following reservation : " Reserving to the town the right and privilege to enter on the beach, and to take and carry away gravel and sand therefrom, as the said town may have occasion, for the making and repairing of their highways," &c

The action is brought against the defendants, who claim to

have ac'ed under the authority of the town, and justify their right so to do under the foregoing reservation; and the question is, what is the true construction and legal effect of that reservation ? The averment in the declaration is, that the defendants, instead of taking sand and gravel, took and carried away ballast; and the proof was, that they took up and carried away stones of considerable size, embedded in and mixed with the beach gravel on the sea shore, and that such materials did not come within the description of sand and gravel.

Evidence was offered by the defendants, to prove the meaning of the words "sand and gravel," as generally and usually understood at Marblehead; also to prove that the same species of material had been used for the same purpose, before the making of the said deed. The court rejected the former evidence and admitted the latter.

The court are of opinion, that the instructions were right upon both points. As to the *first,* we think the general rule of law is, that the construction of every written instrument is matter of law, and, as a necessary consequence, that courts must, in the first instance, judge of the meaning, force and effect of language. The meaning of words and the grammatical construction of the English language, so far as they are established by the rules and usages of the language, are, *primâ facie,* matter of law, to be construed 'ind passed upon by the court. But language may be ambiguous and used in different senses ; or general words, in particular trades and branches of business — as among merchants, for instance — may be used in a new, peculiar or technical sense ; and therefore, in a few instances, evidence may be received, from those who are conversant with such branches of business, and such technical or peculiar use of language, to explain and illustrate it. One of the strongest of these, perhaps, among the recent cases, is the case of *Smith* v. *Wilson,* 3 Barn. & Adolph. 728, where it was held, that in an action on a lease of an estate including a rabbit warren, evidence of usage was admissible, to show that the words "thousand of rabbits" were understood to mean one hundred dozen, that is, twelve hundred. But the decision was placed on the ground that the words "hundred,"

" thousand," and the like, were not understood, when applied to particular subjects, to mean that number of units ; that the definition was not fixed by law, and therefore was open to such proof of usage.

Though it is exceedingly difficult to draw the precise line of distinction, yet it is manifest that such evidence can be admitted only in a few cases like the above. Were it otherwise, written instruments, instead of importing certainty and verity, as being the sole repository of the will, intent and purposes, of the parties, to be construed by the rules of law, might be made to speak a very different language, by the aid of parol evidence. The instruction, in this case, was cautiously expressed and guarded

As to the *second*, the instruction was sufficiently liberal for the defendants. In a conveyance of title, deeds must be construed according to the language ; and if the town, when they owned the land, took materials not coming within the description of "gravel and sand," as they well might do, to mend their highways — as paving stones, or materials for macadamizing — but chose to make their reservation in narrower terms, they must abide by it, and cannot enlarge it by showing such former usage. But, construed according to the subject matter, we are to presume that the evidence was admitted, to operate to this extent only, namely, that it might tend to show that all such material as had been used *as gravel,* to spread upon the surface of the roads, in the usual mode of covering roads made of earth and gravel only, was in the contemplation of these parties, and, to that extent, to show what they regarded as gravel.

Whether the jury drew the right conclusion from the evidence, we have no means of knowing ; the evidence not being reported. We were referred to the declaration for a description of the material which was actually dug and carried away ; but whether the proof fully came up to the averment, we do not know. This is an action of trespass, and concludes no right. If the verdict was against the evidence, the parties will have an opportunity to test the question again in a new action

*Judgment on the verdict*